UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NASLEDIE DAVUDOVA EXPRESS TRUST
d/b/a Settlor/Trust Protector Alena Magdalena
Karakova,

                        Plaintiff,

                -against-

JP MORGAN CHASE BANK, NATIONAL
ASSOCIATION,

                        Defendant.

24-CV-7633 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se*, brings this complaint asserting claims against J.P.

Morgan Chase, N.A., for bank fraud, "securities theft," and bad faith. Plaintiff appears to rely on

an unofficial document titled, "Certificate of Non-Response and Default Judgment," which

references a "Notice of Default in Dishonor" sent to Defendant.[1] (ECF 1 at 7.)

        The action is styled as one brought by the Nasledie Davudova Express Trust, which is

said to be "[doing business as] Settlor/Trust Protector Alena Magdalena Karakova." (ECF 1 at

1.) An *in forma pauperis* (IFP) application was submitted that is signed by Alena Magdalena

Karakova and lists her personal financial information. (ECF 6.) For the reasons set forth below,

the Court construes the action as a suit by Alena Magdalena Karakova on behalf of the Nasledie

---

[1] Plaintiff attaches as an exhibit a document titled, "UCC Financing Statement Amendment," which indicates that the Trust has "100% ownership" of, among other things, a "Birth Certificate No. IV-TH No. 536719 Russia Authenticated with Apostil #4809" and "Four (4) Silver Relic Bars Monarch Egyptian God Anubis .999 Fine Ingot." (ECF 1 at 19.)

Davudova Express Trust ("the Trust"). By separate order, the Court grants Plaintiff Karakova's application to proceed IFP. The Court dismisses the complaint for the reason set forth below.[2]

## STANDARD OF REVIEW

The Court must dismiss a complaint brought IFP, or any portion of it, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## DISCUSSION

### A.    In forma Pauperis Application

The IFP statute, subject to certain exceptions, authorizes

the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets [and shows] that the person is unable to pay such fees or give security therefor.

---

[2] Before bringing this action, Karakova brought a miscellaneous action. *See Karakova v. JP Morgan Chase Bank, N.A.*, No. 24-MC-0310 (JGK) (S.D.N.Y. filed June 21, 2024).

28 U.S.C. § 1915(a)(1).

The United States Supreme Court has held that the term "'person' in § 1915(a) refers only to individuals." *Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 200 (1993). Thus, only natural persons can proceed IFP, not artificial entities. *Id.* at 203 ("Congress was thinking in terms of 'persons' who could petition courts themselves and appear *pro se*, that is, of natural persons only.").

Here, it is unclear from the complaint which is the plaintiff in this action: the Trust, or Karakova as trustee (or, as she states, the "Settlor/Trust Protector"). (ECF 1, at 1.) Alena Magdalena Karakova has submitted an IFP application in which she describes her own financial circumstances. It therefore appears that Karakova seeks to proceed as a trustee in this action. Because the IFP application demonstrates that Karakova is unable to afford the filing fees, by separate order, the Court grants the application to proceed IFP.

## B.    Representation pro se

The claims asserted in the complaint appear to be those of the Trust. Corporations, nonprofit organization, and other artificial entities like trusts must be represented by counsel. *See Rowland*, 506 U.S. at 202; *Jones v. Niagara Frontier Transp. Auth.*, 722 F.2d 20, 22 (2d Cir. 1983) ( "[I]t is established that a corporation, which is an artificial entity that can only act through agents, cannot proceed *pro se*."). "[C]ourts have uniformly held that 28 U.S.C. § 1654, providing that 'parties may plead and conduct their own cases personally or by counsel,' does not allow corporations, partnerships, or associations to appear in federal court otherwise than through a licensed attorney." *Rowland*, 506 U.S. at 202 (citations omitted).

Moreover, Section 1654, which allows for *pro se* representation, "does not govern when a plaintiff seeks to proceed *pro se* in a capacity that implicates the representation of another's legal interest." *Platt v. Michaan*, No. 19-CV-4234 (ER), 2021 WL 1573951, at *1 (S.D.N.Y. Apr. 22,

2021). Thus, a nonlawyer trustee cannot bring claims on behalf of a trust. *Bell v. S. Bay Eur. Corp.*, 486 F. Supp. 2d 257, 259 (S.D.N.Y. 2007) ("A trust is deemed an artificial entity for the purposes of the rule barring a nonlawyer trustee from representing the interests of the trust."); *Advanced Mining Sys. v. Lutin*, No. 94-CV-5744 (CSH), 1995 WL 92309 (S.D.N.Y. Mar. 7, 1995) ("Where an individual's position as a trustee casts him in a fiduciary role for others, he cannot as a non-attorney represent the trust."). Even as a trustee, Plaintiff, who is not a lawyer admitted to practice in this court, cannot proceed *pro se* on behalf of the Trust. The Court therefore dismisses this action, without prejudice to Plaintiff's refiling it through counsel.[3]

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed without prejudice because Plaintiff cannot proceed *pro se* on behalf of the Nasledie Davudova Express Trust.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Judgment shall enter.

SO ORDERED.

Dated:    November 13, 2024
          New York, New York

                            /s/ Laura Taylor Swain
                            LAURA TAYLOR SWAIN
                            Chief United States District Judge

---

[3] Plaintiff has not submitted an application for *pro bono* counsel. When considering a request for *pro bono* counsel, the merits of the case are "[t]he factor which command[s] the most attention." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989). Here, Plaintiff's complaint gives little explanation of her relationship to the Trust or of what J.P. Morgan Chase Bank, N.A., allegedly did or failed to do that constitutes bank fraud or securities fraud. At present, there is no indication that granting *pro bono* counsel is warranted.